No. 670.

### CAZEAUX & VERGNOLE vs. L. B. FILLIQUIER.

It is not shown that the custom is universal among dealers in goods to insure the articles they are ordered to ship. Plaintiffs prove that they never insure goods sold by them, unless specially ordered to do so, and this court thinks that their dealings with defendant indicates this fact. Moreover, defendant was clearly informed that plaintiff had not insured the goods sent, and did not remonstrate. Hence, defendant is liable to plaintiffs for the claims sued upon.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney, J. Egan & Wise,* for plaintiffs and appellants. *Nutt & Leonard,* for defendant and appellee.

HOWELL, J. Plaintiffs sue defendant on two accounts for $343 50 each, alleged to be for wines sold and delivered to defendant, one dated March 10, 1874, and the other March 19, 1874. Defendant admits that he received the goods charged in the account of March 19, 1874; avers that he is willing and has offered to pay for same; and makes tender in his answer; but denies that he is in any manner bound for the bill of March 10, 1874. Judgment was rendered against defendant for the amount of account of March 19, with interest from said date, and plaintiffs appealed. Defendant asks that judgment be amended by releasing him from all interest.

On the tenth of March, 1874, defendant, by telegraph, ordered plaintiffs, who are dealers in wines and liquors, in New Orleans, to ship him by steamer La Belle six casks claret and a half-cask white wine. On the same day plaintiffs delivered the goods on the steamer La Belle and forwarded by mail the invoice and bill of lading to defendant. On the seventeenth of March the defendant sent the following dispatch to the plaintiffs: "La Belle has not come. Inquire where are my wines. Answer." To which plaintiffs answered on the same day: "La Belle leaves only to-night." On the nineteenth of March they sent this dispatch: "Your goods transferred from La Belle to Southwestern. Are you insured? Answer, shall we duplicate order." To which defendant on the same day answered: "Shippers always insure my goods when not paid for. Duplicate order at same price."

Cazeaux & Vergnole vs. Filliquier.

The plaintiffs sent the goods.   The defendant contends that he is not responsible for the loss of the first shipment; that plaintiffs should, according to custom, have insured, unless instructed not to do so; and that such custom is shown.   If it be admitted that a "custom" on this point between plaintiffs and defendant would be binding on both parties and render them respectively responsible, such custom is not established; nor does the evidence show that such custom is universal among other dealers in goods, not including factors and agents.   Defendant, previous to this one, had made two bills with plaintiffs.   The first was not insured.   The second was by special order.   When this, the third, was ordered, no instructions to insure were given.   Plaintiffs prove that they never insure goods sold by them, unless specially ordered to do it, and we think their dealings with defendant indicate this.   They obeyed all orders given them; shipped the goods on the boat designated by the purchaser; and forwarded the invoice (which contained no charge for insurance) with the bill of lading.   It is shown that letters usually go from New Orleans to Shreveport in three or four days.'   In this instance seven days intervened before defendant made inquiry about the *shipment.*   When he did so, the telegram of plaintiffs indicated clearly that they had not insured, and he did not then complain.

We conclude that defendant is responsible on both accounts.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiffs recover of defendant $687, with five per cent interest on one half from the tenth of March, 1874, and on the other half from the nineteenth of March, 1874, and costs in both courts.